IN *re* a CERTAIN PAPER WRITING purporting to be the LAST WILL AND TESTAMENT of MATTHEW SPIEGELHALTER.

*Issue from Register of Wills—Evidence.*

An executor named in a will is a competent witness for the purpose of probating the will.

(*September 29, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*P. L. Cooper, Jr.*, for the will.

Superior Court, New Castle County, September Term, 1897.

The following petition and issue were sent to the Superior Court by the Register of Wills for New Castle County:

"That on the sixth day of July, A. D., 1897, the instrument in writing hereto attached, purporting to be the last will and testament of Matthew Spiegelhalter, deceased, having been presented to me as Register as aforesaid, by Thomas A. Brown, the executor named therein, for probate, the said Thomas A. Brown being one of the two witnesses only to said paper writing, the said Register did not know whether he should receive the said Thomas A. Brown as a witness in probating said paper writing purporting to be a will, he, the said Thomas A. Brown, being the person named therein as executor. It was therefore ordered by the Register that an issue of fact touching the said instrument in writing, purporting to be a will as aforesaid, be sent to the Superior Court, there to be tried by a jury. The said issue of fact being:

"Is the paper writing hereto attached the last will and testament of Matthew Spiegelhalter, deceased?"

*Mr. Cooper*, at the trial of the above issue, offered Dr. Thomas A. Brown, the executor named in the will as a witness to the execution of the same, and argued that he was a competent witness for the purpose of probating the will as follows:

The statute allowing parties in interest in civil actions to testify, passed in 1881, (*Rev. Code p. 798*) is as follows:

"No person shall be incompetent to testify in any civil action or *proceeding* whether at law or in equity, because he is a party to the record or *interested* in the event of the suit or *matter*

*to be determined:* PROVIDED, that in actions or proceedings by or against, Executors, Administrators, or Guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party."

Before the passage of the above quoted statute, it may be questioned whether an Executor under the will was a competent testamentary witness, yet it has never been directly decided to the contrary.

  *Davis vs. Rogers, 1 Hous. 58-65; Sutton vs. Sutton, 5 Har. 459.*

It will thus be seen that if the executor was incompetent *at all* as a testamentary witness prior to the passage of the foregoing statute, it was on the *sole* ground that he was a party in interest, which objection the above quoted statute expressly removes unless he comes within one of the exceptions to the statute. What are those exceptions?

In none of the States except Alabama and Delaware was an Executor ever incompetent.

  *1 Williams on Executors, 403 note; Cornstock vs. Hodlyme, 8 Conn. 254, 262; Peralto vs. Costro, 6 Col. 354; Snyder vs. Bull, 17 Pa. St. 54; Stewart vs. Harriman, 56 N. H. 25.*

The statute permitting parties in interest to testify removes the disqualification of Executors in probating wills.

  *Martin vs. McAdims, 27 S. W. 255; In re Fotts Will, 71 Hun. 492 (24 N. Y. S. 1052); In re will of John Nulson, 103 N. Y. 374; Manley vs. Staples, 65 Vt. 370; Hays vs. Ernest, 13 So. 451; Denning vs. Butcher, 59 N. W. 69; In re Gogaris Will, 2 N. Y. S. 426; Foster's Ex. vs. Dickinson, 64 Vt. 233; In re Buckman's will, 64 Vt. 331; Richardson vs. Richardson, 35 Vt. 238; Snyder vs. Burks, 4 So. 225; Stewart vs. Harriman, 56 N. H. 25; Children's Aid Soc. vs. Loveridge, 70 N. Y. 387; Rugg vs. Rugg, 83 N. Y. 592; Loder vs. Whelply, 111 N. Y. 239; Sawyer vs. Bennett, 8 Mich. 411; Wiltson's Will, 103 N. Y. 374; Reeve vs. Crosby, 3 Redf. (N. Y.) 74; McDonough vs. Laughlin, 20 Barb. (N. Y.) 238.*

To exclude a witness under any of the enabling statutes it should be made to appear that there is a direct immediate conflict between his rights and those of the estate of the deceased person with whom it is proposed to prove a transaction.

*Ala. Gold. L. Ins. Co. vs. Sledge, 62 Ala. 566; Hill vs. Hilton, 80 Ala. 532; Snell vs. Fervell, 64 Miss. 655.*

LORE, C. J:—The probate of a will is a civil proceeding as contradistinguished from criminal proceedings. The executor, therefore, would be a competent attesting witness under the express terms of the statute (*Section 1, Chapter 537, Rev. C. 798*), unless shut out by the proviso.

Can it be said, in any proper sense, that the probate of a will is an action or proceeding by or against an executor and in which judgment or degree may be rendered for or against him as such executor? There are no parties to the action. In contemplation of law it is solely an inquiry as to the validity of a certain paper writing, whether it is or is not the last will and testament of the decedent; and the judgment or decree in such case is either that it is or is not such will. The costs are uniformly taxed upon the estate inquired about, and an executor is in no wise liable to have judgment or decree rendered for or against him, as such, for costs, charges or otherwise.

We think, therefore, the statute makes an executor a competent attesting witness to a will.